**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARCUS TREMAIN ARNOLD | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv1026 |
| UNITED STATES OF AMERICA | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Marcus Tremain Arnold, an inmate confined at the United States Penitentiary at Pollock, Louisiana, proceeding *pro se*, filed the above-styled motion to vacate, set aside or correct sentence. The Court referred the matter to the Honorable Caroline M. Craven, United States Magistrate Judge.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends the motion to vacate, set aside or correct sentence be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Movant filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the applicable law.

Movant was convicted of possessing with the intent to distribute more than 50 grams of a cocaine mixture or substance containing a detectable amount of cocaine base. He was also convicted of possessing a firearm after having been convicted of a felony and possessing a firearm in furtherance of a drug trafficking crime. The drugs and the firearm were discovered following a search of a residence located at 418 Dewey Street, Orange, Texas. The convictions were based on the theory that movant constructively possessed the drugs and firearm.

Movant asserts counsel was ineffective for failing to file a motion asking the evidence be suppressed.[1] He asserts he was not in the house during the 48-72 hour period preceding the execution of the warrant, making the information provided by the informant incorrect.[2] The Magistrate Judge concluded this ground for review was without merit because even if the information in the warrant was incorrect, movant had not demonstrated that the officer's reliance on the information provided by the confidential informant was objectively unreasonable. Accordingly, the good-faith exception to the exclusionary rule applied, making the evidence admissible.

In his objections, movant contends the good-faith exception does not apply. He disagrees with the conclusion that the officer did not intentionally rely on false information from the informant. He states there is no evidence in the record the officer attempted to corroborate the information provided by the informant. Nor was there any evidence of prior evidence of drug trafficking at the residence or any attempts at making a controlled drug purchase.

Movant's objections are without merit. The good-faith exception does not apply if the affidavit used to obtain the search warrant contains a false statement that was made intentionally or with reckless disregard for the truth. *United States v. Pope*, 467 F.3d 912, 916-17; *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006). Movant has set forth no facts which would demonstrate the officer who signed the affidavit had any reason to believe the confidential informant was providing him with false information. The affidavit stated the confidential informant had provided the officer with reliable information on three prior occasions and nothing in the record indicates he had reason to believe the information she provided was false. As movant has set forth no facts

---

[1] To establish counsel was ineffective, movant must establish both that counsel's performance was deficient and that the deficiency resulted in prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that counsel's performance was deficient, movant must show the performance was objectively unreasonable under the circumstances. *Id*. at 689-90. To show prejudice, he must demonstrate there is a reasonable probability the result of the proceeding would have been different if counsel had performed adequately. *Id*. at 694.

[2] In the affidavit used to support the search warrant, the officer stated a confidential informant had told him she had been inside the residence within the prior 48 hour period and had observed movant possessing and selling cocaine.

demonstrating the statements made in the affidavit were intentionally false or made with reckless disregard for the truth, he has failed to show the good-faith exception does not apply.[3] Counsel's failure to file a motion to suppress therefore did not fall below an objective standard of reasonableness and did not cuase movant to suffer prejudice.

Movant also contends counsel was ineffective for failing to request a hearing pursuant to *Delaware v. Franks*, 438 U.S. 154 (1978). In *Franks*, the Supreme Court held the good-faith exception to the exclusionary rule does not apply if the statement of the affiant was intentionally false or made with a reckless disregard for the truth. He contends a hearing would have revealed that material statements in the affidavit were false.

Movant's contentions are without merit. In *Franks*, the Supreme Court stated that in order to "mandate an evidentiary hearing, the challenger's attack must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and these allegations must be accompanied by an offer of proof. *Id*. at 171. As stated above, movant has set forth no facts that would support the conclusion that the officer's statements in the affidavit were intentionally false or made with reckless disregard for the truth. Movant would therefore not have been entitled to a *Franks* hearing and counsel's failure to request such a hearing did not fall below an objective standard of reasonableness or cause movant to suffer prejudice.

Movant further contends counsel was ineffective for failing to call Nathan King and Olen Cooper to testify as alibi witnesses. He states Messrs. King and Cooper would have testified at a suppression hearing that movant was in Houston rather than at the residence in Orange during the time the confidential informant stated movant was at the residence. They would have also stated the drugs found at the residence did not belong to movant and that the activity at the residence

---

[3] Movant has stated facts in support of his assertion that the informant provided the officer with false information. However, as the Magistrate Judge pointed out, in order to demonstrate the good-faith exception does not apply, movant must show not just that the information provided by the informant was false, but that the officer repeated such information with knowledge that it was false or with reckless disregard for the truth. *United States v. Arrington*, 618 F.2d 154 (1978). Movant has not made such a showing.

concerning drugs was carried out by third parties and not movant. Further, Mr. King, who movant asserts strongly resembles him, would have testified he was living at the residence during the events in question.

In rejecting this ground for review, the Magistrate Judge concluded that testimony regarding movant's whereabouts prior to execution of the search warrant would have been immaterial because, it would not have demonstrated the officer's reliance on the information provided by the confidential informant was unreasonable. Thus, the testimony would not have resulted in the evidence found at the residence being suppressed. With respect to any testimony that the cocaine did not belong to movant, the Magistrate Judge concluded the absence of such testimony did not cause movant to suffer prejudice because the prosecution's theory of the case was based on constructive rather than actual possession. Finally, with respect to testimony from Mr. King that he was living in the residence during the events in question, the Magistrate Judge concluded that while such testimony would have been harmful to the prosecution's case by supporting the conclusion that Mr. King was either the sole occupant or a joint occupant of the residence, the absence of this testimony did result in prejudice because it would have been cumulative of testimony offered by other witnesses.

After considering movant's objections, the Court agrees with the Magistrate Judge's conclusions. As stated above, the critical question regarding any motion to suppress evidence was whether the officer intentionally made false statements in his affidavit or made his statements with reckless disregard for the truth, not whether the informant provided the officer with false information. The testimony movant states Messrs. Cooper and King could have provided at any evidentiary hearing would have therefore been irrelevant. Similarly, testimony from these individuals that the cocaine did not belong to movant would not have been contrary to the prosecution's constructive possession theory.

As the Magistrate Judge stated, testimony from Mr. King that he was living in the residence during the events in question presents a closer question, as such testimony could have contradicted the prosecution's theory of the case. However, four other witnesses testified that movant was not

living in the residence during the relevant period. In addition, three witnesses testified Mr. King lived at the residence at different points. Accordingly, while Mr. King's testimony would have been useful to movant, it cannot be concluded, in light of the testimony offered by other witnesses, there is a reasonable probability the result of the proceeding would have been different if Mr. King had testified. Counsel's failure to call Mr. King to testify therefore did not cause movant to suffer prejudice.[4]

Finally, movant contends the United States Court of Appeals for the Fifth Circuit erred when it concluded there was sufficient evidence that he possessed a firearm in furtherance of a drug trafficking crime. The Fifth Circuit stated the government was required to prove movant used or carried the firearm during and in relation to a drug trafficking crime. Movant contends the Fifth Circuit erred because it impropery relied on *United States v. Tolliver*, 61 F.3d 1189 (5th Cir. 1995). a decision that had been overturned. The Magistrate Judge acknowledged that when the *Tolliver* case was remanded to the Fifth Circuit following the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), the Fifth Circuit stated that under *Bailey*, the government was required to prove a defendant actively employed the firearm in furtherance of a drug trafficking crime. However, the Magistrate Judge concluded that the "actively employed" standard did not apply to movant because he was charged with possessing a firearm, rather than using or carrying a firearm. Accordingly, the Fifth Circuit correctly stated the government was not required to prove movant used the firearm in any affirmative manner.

In his objections, movant disagrees and contends the government needed to show more than a firearm was accessible and available to provide protection during the drug trafficking crime.

Initially, it should be observed this Court is not empowered to conclude the Fifth Circuit

---

[4] In order to demonstrate prejudice, litigants making claims of ineffective assistance of counsel based on counsel's failure to call a witness to testify must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Movant has provided the court with affidavits from Messrs. King and Cooper. However, neither affidavit states that the affiant would have been available and willing to testify. This omission also prevents the conclusion that movant suffered prejudice because neither Mr. King nor Mr. Cooper were called to testify.

erred. Moreover, movant's contention is without merit. The third count of the First Superseding Indictment alleged movant violated 18 U.S.C. § 924(c) by knowingly possessing a firearm in furtherance of a drug trafficking crime. A defendant possesses a firearm in furtherance of a drug-trafficking offense when the firearm furthers, advances or helps forward the offense. *United States v. London*, 568 F.3d 553, 559 (5th Cir. 2009). Testimony at trial revealed the pistol was found on top of a kitchen cabinet, approximately four feet from where a large quanity of cocaine was found. This evidence was sufficient to demonstrate movant possed a firearm in furtherance of a drug trafficking offense. *See United States v. Sauls*, 495 F. App'x 504 (5th Cir. 2009) (upholding a conviction for possessing a firearm in furtherance of a drug-trafficking offense where loaded rifle was found near drugs); *United States v. Young*, 340 F. App'x 226 (5th Cir. 2009) (upholding a conviction for possessing a firearm in connection with a drug trafficking offense where handgun was found in close proximity to a significant amount of cocaine because the jury could have reasonably inferred that the handgun was used to protect the drugs).

ORDER

Accordingly, the objections are **OVERRULED**. The proposed findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered denying this motion to vacate, set aside or correct sentence.

In addition, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for granting a certificate of appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making a substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists

of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slacke*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether his motion to vacate is meritorious is subject to debate among jurists of reason. In addition, the questions presented with respect to this issue are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not be issued.

So **ORDERED** and **SIGNED** this 6 day of **July, 2015.**

_____
Ron Clark, United States District Judge